## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael T. Lowry,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 15, 2016

Court of Appeals Case No.
08A04-1507-CR-949

Appeal from the Carroll Circuit Court

The Honorable Benjamin A. Diener, Judge

Trial Court Cause No.
08C01-1503-F5-2

**May, Judge.**

[1] Michael T. Lowry appeals his four year sentence for Level 5 felony trafficking with an inmate.[1] As his sentence is not inappropriate, we affirm.

## Facts and Procedural History

[2] On or about February 2, 2015, Lowry mailed a greeting card to Cassie Ruhlander, an inmate in the Carroll County Jail with whom he had a previous sexual relationship. Hidden within the folds of the card, Lowry had concealed a paper strip containing suboxone. Lowry has a prescription for suboxone for a back injury. The State charged Lowry with Level 5 felony trafficking with an inmate. Lowry pleaded guilty without benefit of a plea agreement.

[3] At sentencing, the court found as mitigators the fact Lowry pleaded guilty and took responsibility for his crime, the undue hardship his dependents will suffer if he is imprisoned, and his history of substance abuse. As aggravators, the court found Lowry has a history of criminal or delinquent behavior, he was assessed as a high risk to reoffend, and he had recently violated pre-trial release by leaving the county despite being ordered to not do so. The court sentenced Lowry to four years in the Indiana Department of Correction, ordered him to repay to the county $580.00 for the costs of his representation, and ordered Lowry to complete the Therapeutic Communities and Substance Abuse programs while incarcerated.

---

[1] Ind. Code § 35-44.1-3-5 (2014).

## Discussion and Decision

[4] Lowry asserts his sentence is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). As we conduct our review, we consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[5] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The sentencing range for a level 5 felony is "a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6(b) (2014). Lowry requests we reduce his four-year sentence to the advisory three years.

[6] Regarding the nature of his offense, Lowry was contacted by a friend requesting he send suboxone to their mutual friend Ruhlander, who was incarcerated. Lowry concealed the suboxone in the folds of a greeting card and, without permission from any official at the jail, mailed it to Ruhlander. This shows a blatant disregard for the judicial system and could have created a very dangerous situation. Lowry claims no harm was done or intended by his

actions. However, the lack of harm is due in part to the suboxone not being delivered to Ruhlander. Our legislature classified the introduction of drugs into a jail as being as serious an offense as the introduction of a deadly weapon, *see* Ind. Code § 35-44.1-3-5, and we decline to minimize the seriousness of Lowry's offense. Nevertheless, neither is there anything more egregious about Lowry's act than any other Level 5 felony trafficking offense.

[7] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.*

[8] Lowry claims to not remember many of the charges on his record, or he asserts they happened in different locales and in different years, but the fact remains he has charges dating back to 1983 in Florida and the convictions range from drug offenses to escape.[2] The Probation Department found Indiana records demonstrating Lowry had been convicted of three habitual offender enhancements, two felony escape charges, two felony theft charges, a felony possession of a narcotic drug charge, a misdemeanor operating a motor vehicle while never receiving a license charge, and a misdemeanor operating a motor

---

[2] Lowry claims most, if not all, the Florida convictions were incorrect but they were included in a 2010 presentence report from Tippecanoe County, Indiana, without his objection. Included in the 2010 pre-sentence report were convictions of four felony drug offenses, three felony forgeries, a felony tampering with evidence offense, and a probation violation.

vehicle while suspended charge. Although offered multiple attempts over the years to participate in probation, in-home detention, and work release, he has repeatedly violated the terms of the programs. Lowry's behavior throughout his life does not reflect any respect for the law.

[9] Lowry claims his actions have been influenced by his long-term substance abuse. We fail to see why that should improve our assessment of his character. Lowry admits he "feel[s] terrible" about committing this crime and risking his family's financial security. (Tr. at 36.) He says he's "very sorry for what [he] did and [he] would never do anything to break the law in any way." (*Id.*) However, his commission of this crime does not support that assertion as he knowingly broke the law and put his family at risk of losing their home, health insurance, and financial support, all because he wanted to send drugs to an incarcerated woman with whom he had a previous sexual relationship.

[10] In light of Lowry's character, including his long-term substance abuse and substantial criminal history, we see nothing inappropriate about his four-year sentence. *See, e.g.*, *Johnson v. State,* 986 N.E.2d 852, 857 (Ind. Ct. App. 2013) (affirming sentence as not inappropriate based on criminal history).

## Conclusion

[11] Lowry has not demonstrated his four-year sentence is inappropriate in light of his character and his offense. Accordingly, we affirm.

[12] Affirmed.

Najam, J., concurs.  Riley, J., dissents without opinion.