## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 29 2016, 8:53 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Philip R. Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aljerome Hill, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 29, 2016 <br><br> Court of Appeals Case No. <br> 71A03-1505-CR-344 <br><br> Appeal from the St. Joseph <br> Superior Court <br><br> The Honorable John M. <br> Marnocha, Judge <br><br> Trial Court Cause No. <br> 71D02-1409-F6-171 |

**May, Judge.**

[1] Aljerome Hill appeals his thirty-month sentence for Level 6 felony domestic battery.[1] As his sentence is not inappropriate, we affirm.

## Facts and Procedural History

[2] In August 2014, Hill was at T.K.'s house. T.K. is the mother of four of his children. After watching a movie with the children in the living room, Hill asked T.K. to take a walk. An argument ensued. While struggling, Hill and T.K. knocked over a couch and subsequently fell on top of it. Six-year-old T.H. saw Hill choking T.K. Hill put a blanket over T.K.'s head. T.H. attempted to give T.K. her phone but Hill took it. Hill left and went to his aunt's house. T.K. called the police and reported the incident.

[3] As a result of the altercation, T.K. developed bruises. Hill apologized to T.K., and she and the children continued to visit Hill at his aunt's house for another month until charges were filed in September, 2014. Once charges were filed, a no-contact order was entered.

[4] A jury found Hill guilty of Class A misdemeanor domestic battery, and he pleaded guilty to the enhancement based on a prior, unrelated conviction of domestic battery elevating the charge to a Level 6 felony. At sentencing, the court noted Hill's criminal history and past probation violation, but also

---

[1] Ind. Code § 35-42-2-1.3 (2014).

acknowledged he had admitted the enhancement. The court sentenced Hill to thirty months with credit for 209 days served.

## Discussion and Decision

[5]     Hill asserts his sentence is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). As we conduct our review, we consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[6]     When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The sentencing range for a level 6 felony is "a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." Ind. Code § 35-50-2-7(b) (2014). Hill requests we reduce his thirty month sentence to "a two year term, with six months of the sentence suspended with mental health counseling as a term of probation." (Appellant's Br. at 10.)

[7]     Regarding the nature of his offense, Hill battered the mother of four of his children with those children watching. The children were all under seven years old. Six-year-old T.H. testified he saw his "dad . . . choking [his] mom." (Tr.

at 34.) T.H. heard his mom "[s]creaming for the phone." (*Id.* at 35.) Hill showed no regard for the fact that he was abusing T.K. in front of their children, going so far as to say to T.K. in front of them: "I don't care if you die." (*Id.* at 54.) Nothing about this incident indicates Hill was practicing restraint or attempting to minimize the harm done. We cannot find Hill'ssentence is inappropriate in light of the nature of his offense.

[8] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.*

[9] Before this matter, Hill had twelve convictions:[2] two counts of misdemeanor minor consuming, three counts of misdemeanor driving without a license, misdemeanor domestic battery, two counts of felony sexual misconduct with a minor, misdemeanor possession of a handgun without a permit, felony domestic battery against T.K., misdemeanor criminal trespass against T.K., and misdemeanor invasion of privacy. This is not Hill's first offense of this kind. In fact, this is not his first offense against this victim. He has served time in the Department of Correction for this type of offense against this same victim. Yet,

---

[2] We note the probation office states Hill had "10" convictions (two felonies and eight misdemeanors). (App. at A-177.) However, it appears they were counting the number of times Hill had contact with the criminal justice system resulting in a conviction rather than the number of convictions themselves. Twice, Hill was convicted of multiple charges in one cause of action.

this did not deter him from battering her again. In light of the facts in the record, we cannot not conclude Hill's sentence is inappropriate in light of his character. *See, e.g.*, *See Johnson v. State,* 986 N.E.2d 852, 857 (Ind. Ct. App. 2013) (affirming sentence as not inappropriate based on criminal history).

## Conclusion

[10] Hill has not demonstrated his thirty-month sentence is inappropriate in light of his character and the nature of his offense. Accordingly, we affirm.

[11] Affirmed.

Najam, J., and Riley, J., concur.