## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian P. Kedrowitz,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 4, 2016

Court of Appeals Case No.
36A01-1507-CR-859

Appeal from the Jackson Circuit Court

The Honorable Richard W. Poynter, Judge

Trial Court Cause No.
36C01-1406-FA-17

**May, Judge.**

[1]   Brian P. Kedrowitz appeals his twelve-year sentence for Class B felony child molesting.[1] He asserts his sentence is inappropriate in light of his character and offense. We affirm.

## Facts and Procedural History

[2]   Thirty-five-year-old Kedrowitz lived with his adult brother in a house they allowed neighborhood kids to use as a hangout. On May 9, 2014, eleven-year-old B.B. and her eleven-year-old friend played pool at Kedrowitz's house and then left. Later that night, the girls returned to the house and crawled into bed with Kedrowitz. Kedrowitz woke while the girls were sleeping, and he inserted two of his fingers into B.B.'s vagina.

[3]   The State charged Kedrowitz with Class A felony child molesting,[2] Class C felony child molesting,[3] and two counts of Class D felony child solicitation.[4] Eleven months later Kedrowitz pled guilty to Class B felony child molesting as a lesser-included offense of the Class A felony charge pursuant to an agreement that required the State to drop the remaining three charges.

[4]   Following preparation of a pre-sentence investigation report, the court held a sentencing hearing at which Kedrowitz and his mother testified and at which

---

[1] Ind. Code § 35-42-4-3(a) (2007).

[2] Ind. Code § 35-42-4-3(a)(1) (2007).

[3] Ind. Code § 35-42-4-3(b) (2007).

[4] Ind. Code § 35-42-4-6(b)(1) (2007).

the State read the victim impact statement into evidence. The court found aggravators in B.B.'s age being under twelve and in Kedrowitz's criminal history. The court found a mitigator in Kedrowitz's admission of guilt, but also found Kedrowitz showed no remorse. The court imposed a twelve-year sentence, with two years suspended to probation.

## Discussion and Decision

[5] Kedrowitz asserts his sentence is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). As we conduct our review, we consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Wells v. State*, 2 N.E.3d 123, 131 (Ind. Ct. App. 2014), *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[6] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). The sentencing range for a Class B felony was "between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." Ind. Code § 35-50-2-5 (2005). Kedrowitz received a twelve-year sentence.

[7] Kedrowitz and his brother kept their house open to neighborhood kids, allowing the kids to play pool and hang out in their home. At sentencing,

Kedrowitz admitted he knew girls who were "under age" hung out at their house. (Tr. at 8.) On the night in question, Kedrowitz awoke and found two eleven-year-old girls sleeping in his bed with him. He placed his fingers in the vagina of one of those girls as she slept. After the incident, the victim, B.B., no longer trusts males and does not like being hugged even by her father or brothers. We cannot find a twelve-year sentence inappropriate based on the nature of Kedrowitz's offense.

[8]     When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. In 2000, Kedrowitz was convicted of Class B misdemeanor false informing; and in 2008, Kedrowitz was convicted of Class A misdemeanor criminal recklessness, Class A misdemeanor domestic battery, and Class A misdemeanor invasion of privacy. At the sentencing hearing, Kedrowitz admitted having those prior convictions, but he explicitly placed the responsibility for his behavior on others, blaming his ex-wife's boyfriend for their altercation and the arresting police officer for his violation of a protective order. He also failed to display remorse for his current crime at his sentencing hearing. In light of all these facts, we cannot conclude Kedrowitz's sentence is inappropriate in light of his character. *See, e.g.*, *Johnson v. State,* 986 N.E.2d 852, 857 (Ind. Ct. App. 2013) (affirming sentence as not inappropriate based on criminal history).

# Conclusion

[9] Because Kedrowitz has not demonstrated that a twelve-year sentence is inappropriate in light of his character and offense, we affirm.

[10] Affirmed.

Najam, J., and Riley, J., concur.