## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 21 2017, 6:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald R. Shuler
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Everett Wade,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 21, 2017

Court of Appeals Case No.
20A03-1610-CR-2427

Appeal from the
Elkhart Superior Court

The Honorable
Gretchen S. Lund, Judge

Trial Court Cause Nos.
20D04-1602-F6-204
20D04-1605-F6-571

**Kirsch, Judge.**

[1] Everett Wade ("Wade") pleaded guilty to two counts of operating a vehicle while intoxicated with a prior conviction,[1] as Level 6 felonies, and to being a habitual vehicular substance offender. He was sentenced to an aggregate sentence of seven years with one year suspended to probation. Wade appeals, raising the following restated issue: whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] In 1992, Wade was convicted twice for operating a vehicle while intoxicated. In October 2012, he was convicted a third time for operating a vehicle while intoxicated. Wade's criminal history also included four felony convictions: dealing in cocaine as a Class B felony; child molesting as a Class C felony; possession of cocaine as a Class D felony; and theft as a Class D felony. He also had multiple misdemeanor convictions, which included convictions for trespass, possession of marijuana, resisting law enforcement, disorderly conduct, public intoxication, battery, conversion, possession of paraphernalia, and nine counts of check deception. Additionally, Wade had numerous violations of his probation and was on probation at the time the instant offenses were committed.

---

[1] *See* Ind. Code §§ 9-30-5-2, 9-30-5-3(a)(1).

[4]     On February15, 2016, which was within five years of his 2012 conviction, Wade was discovered by the police, in a state of intoxication, asleep in the driver's seat of his car and with the engine running. The State charged Wade, under Cause Number 20D04-1602-F6-204 ("Cause 204"), with operating a vehicle while intoxicated as a Class A misdemeanor, operating a vehicle with an alcohol concentration equivalent to at least .08 grams as a Class C misdemeanor, and operating a vehicle while intoxicated with a prior conviction as a Level 6 felony. On May 19, 2016, which was also within five years of his 2012 conviction, police observed Wade driving left of the center line, discovered that he was intoxicated, and arrested him. The State charged Wade, under Cause Number 20D04-1605-F6-571 ("Cause 571"), with operating a vehicle while intoxicated as a Class A misdemeanor, operating a vehicle with an alcohol concentration equivalent to at least .08 grams as a Class C misdemeanor, and operating a vehicle while intoxicated with a prior conviction as a Level 6 felony. The State also charged Wade with being a habitual vehicular substance offender.

[5]     The two cases were adjudicated jointly, and on August 24, 2016, Wade pleaded guilty to one count of Level 6 felony operating a vehicle while intoxicated with a prior conviction under each cause number and to being a habitual vehicular substance offender under Cause 571. At the sentencing hearing, the trial court found the following aggravating factors: Wade's criminal history, particularly his history of operating while intoxicated convictions; his history of probation violations and community corrections violations; and his failure to take

"advantage of programming or alternative sanctions that were offered to him in the past." *Tr*. at 27-28. In mitigation, the trial court found that Wade had taken responsibility for his actions by pleading guilty and was sincere in his remarks to the trial court. *Id*. at 28-29. The trial court found that the aggravating factors outweighed the mitigating factors and sentenced Wade, under Cause 204, to two and a half years with six months suspended for his conviction for Level 6 felony operating a vehicle while intoxicated with a prior conviction. Under Cause 571, the trial court imposed a sentence of two and a half years with six months suspended for Wade's conviction for Level 6 felony operating a vehicle while intoxicated with a prior conviction and enhanced the sentence by adding two years for Wade's status as a habitual vehicular substance offender. Each of the sentences was ordered to be served consecutively, which resulted in an aggregate sentence of seven years with one year suspended to probation. Wade now appeals.

## Discussion and Decision

[6]  Under Indiana Appellate Rule 7(B), "we may revise any sentence authorized by statute if we deem it to be inappropriate in light of the nature of the offense and the character of the offender." *Corbally v. State*, 5 N.E.3d 463, 471 (Ind. Ct. App. 2014). The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). It is the defendant's burden on appeal to persuade the reviewing court

that the sentence imposed by the trial court is inappropriate. *Chappell v. State,* 966 N.E.2d 124, 133 (Ind. Ct. App. 2012), *trans. denied.*

[7] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224.

[8] Wade argues that the trial court erred in sentencing him and that his seven-year aggregate sentence, with six years executed, is inappropriate considering the nature of the offense and the character of the offender. He asserts that the nature of his offense was not the worst offense and that the evidence represented only "run-of-the-mill OWI offenses" because no one was injured and no property damage occurred. *Appellant's Br.* at 12. As to his character, Wade contends that, although he has a criminal history, it primarily consists of offenses related to substance abuse and driving. Wade also claims that the record included information that spoke well of his character, including his acceptance of responsibility by pleading guilty without the benefit of a plea agreement, his cooperation with the pre-sentence investigation report, his employment before incarceration, and the fact that he took care of his mother

when she was ill. Based on these things, Wade believes his sentence is inappropriate and should be reduced.

[9] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013) (citing *Anglemyer v. State,* 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007)). Wade pleaded guilty to two counts of Level 6 felony operating a vehicle while intoxicated with a prior conviction and to being a habitual vehicular substance offender. A person who commits a Level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7(b). A habitual vehicular substance offender is subject to an additional fixed term of at least one year but not more than eight years of imprisonment, to be added to the term of imprisonment imposed under Indiana Code chapter 35-50-2. Ind. Code § 9-30-15.5-2(d). Because Wade was released awaiting trial for Cause 204 when he was arrested and charged under Cause 571, his sentences were required to be served consecutively. Ind. Code § 35-50-1-2(e). Therefore, the potential sentencing range that Wade faced for his convictions was between two and thirteen years. The trial court imposed an aggregate seven-year sentence with one year suspended to probation.

[10] As to the nature of Wade's offenses, within a three-month period of time, he operated a vehicle while intoxicated on two occasions. At the time of the offenses, Wade was on probation, and he committed his second offense under Cause 571 while he was released awaiting trial for his first offense under Cause

204. Wade's offenses were committed in close proximity with each other and while on he was probation. His present convictions constitute his fourth and fifth convictions for operating a vehicle while intoxicated, three of which have been in the past five years.

[11] As to Wade's character, he has a significant criminal history, which began when he was eighteen and includes four felony convictions and approximately twenty misdemeanor convictions. His felony convictions included the offenses of dealing in cocaine, possession of cocaine, theft, and child molesting. Wade had three prior convictions for operating a vehicle while intoxicated, and the present offenses represent his fourth and fifth convictions. Although Wade has been given opportunities for substance abuse treatment and to reform his behavior through programming and probation, he has repeatedly violated his probation, and the efforts to keep him from engaging in criminal behavior have not been successful. At sentencing, the State informed the trial court that Wade was not eligible for work release and that he was not a good candidate for home detention or probation due to his multiple violations in the past. Further, although the trial court accepted the sincerity of Wade's claims that he wished to reform his behavior, the trial court was skeptical that he was unlikely to reoffend based on his history of reoffending considering the opportunities he was given to reform. Wade's sentence is not inappropriate.

[12] Affirmed.

Robb, J., and Barnes, J., concur