## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2017, 7:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth Ann Johnson
Darren Bedwell
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Edward Chandler,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 31, 2017

Court of Appeals Case No.
49A04-1702-CR-245

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge
The Honorable Anne Flannelly, Magistrate

Trial Court Cause No.
49G04-1602-F3-8004

**May, Judge.**

[1] Edward Chandler appeals his six-year sentence for Level 5 felony robbery.[1] We affirm.

# Facts and Procedural History

[2] On January 14, 2016, Chandler entered a Dollar General store and told the cashier, "[O]pen the drawer. Give me the money." (Tr. Vol. II at 35.) The cashier testified she saw Chandler display the butt of a handgun tucked into his clothing. The cashier told him she could not open the cash register until he bought something, so Chandler threw a bag of candy on the counter and told the cashier, "hurry up, hurry up." (*Id*. at 36.) Chandler grabbed the money, approximately $95.00, from the cashier and exited the store. The exchange was caught on store surveillance video, which the cashier and manager gave to law enforcement.

[3] Based on an anonymous tip, police obtained a search warrant and searched Chandler's apartment, where they found a handgun and distinctively-patterned shoes like those in the video. The day after the search, Chandler turned himself in and confessed to the crime. On March 1, 2016, the State charged Chandler with Level 3 felony robbery[2] and Level 4 felony possession of a firearm by a

---

[1] Ind. Code § 35-42-5-1(1) (2014).

[2] Ind. Code § 35-42-5-1(1) (2014).

serious violent felon.[3]  On April 7, 2016, the State filed an habitual offender enhancement.[4]

[4] The court bifurcated the charges for trial.  On November 17, 2016, the jury hearing evidence on the robbery charge returned a guilty verdict for the lesser-included offense of Level 5 felony robbery.  The State then dismissed the firearm charge and the habitual offender enhancement.  On January 9, 2017, the trial court sentenced Chandler to six years incarcerated.

## Discussion and Decision

[5] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender.  *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)).  We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record.  *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013).  The appellant bears the burden of demonstrating his sentence is inappropriate.  *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[6] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence.  *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007).  The

---

[3] Ind. Code § 35-47-4-5(c) (2014).

[4] Ind. Code § 35-50-2-8 (2015).

advisory sentence for a Level 5 felony is one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b) (2014). The trial court sentenced Chandler to six years incarcerated. One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. We agree with Chandler that the facts of this crime are not particularly noteworthy. Chandler forcefully asked the Dollar General cashier for the money in the cash register and took it from her. Chandler received approximately $95.00 from the robbery.

[7]     When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. Chandler's criminal history goes back almost twenty years and includes nine felonies, multiple misdemeanors, and three habitual offender adjudications. Four of those felony convictions were for robbery. As reasons he should not have been sentenced above the advisory, Chandler points to the facts he turned himself in, he had engaged in rehabilitative services in the past, and he was remorseful at sentencing. However, his criminal history alone renders his sentence not inappropriate, as it demonstrates his continued disregard for the law and his inability to benefit

from rehabilitative services. *See Speer v. State*, 995 N.E.2d 1, 14 (Ind. Ct. App. 2013) (sentences higher than the advisory not inappropriate based on Speer's extensive criminal history for similar offenses), *trans. denied*.

# Conclusion

[8] Chandler's six-year sentence for Level 5 felony robbery was not inappropriate based on the nature of the offense and his character. Accordingly, we affirm.

[9] Affirmed.

Brown, J., and Pyle, J., concur.