## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 19 2017, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
The Moore Law Firm, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James N. Hamilton, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 19, 2017 <br><br> Court of Appeals Case No. 89A04-1703-CR-649 <br><br> Appeal from the Wayne County Circuit Court <br><br> The Honorable David A. Kolger, Judge <br><br> Trial Court Cause No. 89C01-1505-F2-14 |

**May, Judge.**

[1] James N. Hamilton appeals the thirty-one-year sentence he received for committing Level 4 felony burglary[1] as a habitual offender.[2] He argues the sentence is inappropriate based on the nature of the offense and his character. We affirm.

## Facts and Procedural History

[2] On Friday, May 22, 2015, Gary Robinson, III left for a Memorial Day weekend camping trip with his father. While Robinson was away, Hamilton broke into Robinson's home and stole a shotgun, ammunition, foreign currency, approximately sixty canned food items including "Spam, Treat [sic], Chef Boyardee Ravioli and spaghetti," (App. Vol. 2 at 13), and "approximately sixty (60) bags of deer meat[.]" (*Id.*)

[3] Robinson and his father returned home Sunday morning, May 24. Robinson immediately realized someone had broken into the house because "someone had torn off the latch to the garage door," (*id.*), and the window in the backdoor was broken. Throughout the entire home, drawers and doors were left open, and items had been moved around. A paper towel roll and a water bottle were propping open a window. Robinson noticed a tire iron lying on the garage floor, which had previously been in the front seat of his unlocked car in the

---

[1] Ind. Code § 35-43-2-1(1) (2014).

[2] Ind. Code § 35-50-2-8 (2014).

garage. The tire iron had "traces of white paint" consistent with the paint color of the door to the garage. (*Id.* at 14.) The garage door looked like it had been pried open. Robinson had several working security cameras on his property which captured Hamilton committing the burglary. Robinson watched the surveillance footage of Hamilton rummaging through the house and stealing items. Robinson then called the police to report the burglary.

[4] Deputy Seth Biava and Deputy Cary Martin of Wayne County Sheriff's Office responded to Robinson's call. Robinson showed Deputies Biava and Martin the surveillance footage. Robinson did not recognize Hamilton as the person on the surveillance video, but Deputy Martin identified Hamilton based on prior interaction with him through the criminal justice system. Robinson, Deputy Biava, and Deputy Martin observed Hamilton take the shotgun and proceed to rummage through the rest of the house while holding the shotgun. The surveillance video showed Hamilton wearing gloves throughout the burglary. According to the surveillance footage, Hamilton broke into Robinson's home around 11:05 p.m. on Saturday, May 23, and was there until approximately 5:28 a.m. on Sunday, May 24. The value of the items stolen totaled roughly $5,649.00.

[5] After gathering evidence at Robinson's home, Deputies Biava and Martin went to Hamilton's home, but he was not there. The next day, May 25, Deputy Biava, assisted by Patrolman Andy Grover, returned to Hamilton's home and arrested him for burglary. The State charged Hamilton with Level 4 felony burglary and alleged he was a habitual offender. A jury found Hamilton guilty

of burglary as a Level 4 felony, and then Hamilton pled guilty to being a habitual offender.

[6]     On March 7, 2017, the trial court held a sentencing hearing and sentenced Hamilton to twelve years for burglary, enhanced by nineteen years for being a habitual offender, for an aggregate sentence of thirty-one years.

# Discussion and Decision

[7]     Hamilton asserts his thirty-one-year sentence is inappropriate. Specifically, he argues the trial court erred in assigning only "a peppercorn of mitigation" to Hamilton's admission he was a habitual offender.[3] (Appellant's Br. at 11.) He also argues he is neither "beyond redemption" nor the "worst of the worst." *Id.*

[8]     Under Indiana Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Our review is deferential to the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not whether some other sentence would be more

---

[3] Despite this declaration at the beginning of his argument, Hamilton does not develop the argument the trial court did not give proper weight to this proffered mitigator, and thus the argument is waived. *See Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999) (failure to present cogent argument waives that issue for appellate review). Waiver notwithstanding, the trial court is not required to give a proffered mitigator the same weight as the defendant would propose, *Rascoe v. State*, 736 N.E.2d 246, 248-9 (Ind. 2000), and we do not review the weight given to aggravators and mitigators. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (2007). Accordingly, we conclude the trial court did not abuse its discretion.

appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013).

[9] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (2007). The statutory range for a Level 4 felony burglary is two to twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5 (2014). If a person has been convicted of a Level 4 felony and is a habitual offender, the court shall sentence that person to an additional fixed term between six and twenty years. Ind. Code § 35-50-2-8(i)(1). The trial court sentenced Hamilton to twelve years for Level 4 felony burglary and enhanced his sentence by nineteen years based on his adjudication as a habitual offender for an aggregate sentence of thirty-one years.

[10] One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. In assessing the nature of the offense, the trial court noted Hamilton "was in no

hurry," (Tr. Vol. II at 53), when committing the crime, taking over five hours to remove a gun, ammunition, foreign currency, and food, including sixty pounds of deer meat. Robinson's property sustained substantial damage, such as "the garage door was busted open and had been pried open. . . . [the backdoor] window had been busted out, or pried out of the - of the casing there." (Tr. Vol. I at 179.) The State presented evidence Hamilton opened and rummaged through almost every drawer in the house.

[11] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson*, 986 N.E.2d at 857. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the present offense. *Id.* Here, the trial court noted Hamilton has been convicted of nine felonies, beginning with his first felony conviction in 1974. He was convicted of Class D felony theft in 1979; Class D felony receiving stolen property in 2004, 2008, and 2011; and various alcohol, traffic, and drug related offenses through the years. The trial court noted Hamilton

> has been a recipient of a myriad of sentencing alternatives, all of which were aimed at rehabilitating the defendant and dissuading him from engaging in further criminal history. [sic]

> More specifically, the defendant was given totally suspended misdemeanor sentences. The defendant was given partially suspended misdemeanor sentences. The defendant was given totally executed misdemeanor sentences. The defendant was given concurrent misdemeanor sentences. The defendant was given consecutive misdemeanor sentences. The defendant has

been the recipient of alternative misdemeanor sentencing. He was given suspended, partially suspended felony sentences. Totally executed felony sentences. He's been given presumptive felony sentences. He's been given aggravated felony sentences. He's been adjudicated to be an habitual offender. He's been placed on probation unsuccessfully. He's had many, many charges and habitual offenders dismissed on plea agreements. None, and have to repeat that again, none of these sentencing alternatives have dissuaded Mr. Hamilton from committing more criminal acts.

You would think, and I'm taking a pause here, quite frankly, that after forty years of engaging in criminal behavior that someone would eventually grow out of it. Or grow tired of victimizing people. But this defendant apparently has never grown tired of that.

(Tr. Vol. II at 59-60.)

[12]     Given the fact Hamilton has been consistently committing felonies since the 1970s, is still committing crimes at the age of sixty, and committed the crime at issue here eighteen days after his release from incarceration, we agree with the trial court's sentiment that Hamilton is clearly beyond rehabilitation. We see nothing inappropriate about his thirty-one-year sentence. *See, e.g., Johnson,* 986 N.E.2d at 857 (affirming sentence as not inappropriate based on criminal history).

# Conclusion

[13]     In light of Hamilton's character and the nature of the offense, his sentence is not inappropriate. Accordingly, we affirm.

Affirmed.

Barnes, J., and Bradford, J., concur.