## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 29 2018, 10:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dinah Downey,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

March 29, 2018

Court of Appeals Case No.
35A02-1710-CR-2257

Appeal from the Huntington Superior Court

The Honorable Jennifer E. Newton, Judge

Trial Court Cause No.
35D01-1610-F3-212

**May, Judge.**

[1] Dinah Downey appeals her twelve-year sentence for Level 3 felony dealing in a narcotic drug[1] and Level 5 felony dealing in a schedule IV controlled substance.[2] She argues her sentence is inappropriate. We affirm.

## Facts and Procedural History

[2] On December 3, 2015, Downey sold oxycodone with acetaminophen to a Huntington City Police confidential informant. On December 4, 2015, she sold Tramadol to a Huntington City Police confidential informant. On October 19, 2016, the State charged Downey with Level 3 felony dealing in a narcotic drug and Level 5 felony dealing in a schedule IV controlled substance. Downey was arrested on February 15, 2017.

[3] Prior to the crimes, Downey was diagnosed with Wolff-Parkinson-White syndrome, which affects her heart. She was scheduled to have surgery on May 5, 2017. The trial court released her from custody so she could have surgery, but it ordered her to contact community corrections to begin electronic monitoring.

[4] On May 23, 2017, the State reported Downey had violated the terms of her electronic monitoring by allowing the device's battery to die. The court warned Downey to not allow that to happen again or she would be subject to arrest.

---

[1] Ind. Code § 35-48-4-1 (2014).

[2] Ind. Code § 35-48-4-3 (2014).

On May 30, 2017, Downey pled guilty to both charges with an open plea agreement. The State had offered sentencing terms but Downey rejected that offer. The trial court set a sentencing hearing for December 19, 2017. In September 2017, Downey again violated the terms of electronic monitoring by testing positive for methamphetamine and having paraphernalia in her possession. Because of these violations, the court reset the sentencing hearing for September 19, 2017.

At sentencing, the trial court found Downey's guilty plea was a mitigator but that it was outweighed by the aggravators of her criminal history and inability to comply with the terms of probation and pre-trial release. The trial court specifically noted:

> So, I'm going to note that you've recently violated the conditions of your pretrial release. Um, you not only did--according to Community Corrections on the pretrial release, I mean you tested positive for drugs, you had drug paraphernalia, um, this wasn't just taking some pills. And this is a dealing charge, and would note your extensive criminal history. Yes, you have only one (1) prior felony, but you still have one (1) prior felony. But you have twenty-one (21) misdemeanors. Um, and seven (7) petition to revokes [sic]. You have an extensive criminal history. Um, you continue to use drugs while on pretrial release.

(Tr. at 57.) Finding Downey was not "a candidate for [ ] probation," (*id.*), the trial court sentenced her to twelve years for the Level 3 felony and four years for the Level 5 felony, to be served concurrently. The trial court did not suspend any of the sentence.

# Discussion and Decision

[7] Downey asserts her sentence is inappropriate. She argues that, because the substances were sold only to a confidential informant, the nature of the offense did not warrant a sentence higher than the advisory. Additionally, she argues the sentence is inappropriate for her character because her criminal history consisted mostly of misdemeanors that were not drug-related convictions.

[8] Under Ind. Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (2007). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. Downey, as the appellant, bears the burden of demonstrating her sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The sentencing range for a Level 3 felony is "a fixed term of between three (3) and sixteen (16) years, with the advisory sentence being nine (9)

years." Ind. Code § 35-50-2-5(b) (2014). The sentencing range for a Level 5 felony is "a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6 (2014). The trial court sentenced Downey to twelve years for the Level 3 felony and four years for the Level 5 felony, to be served concurrently. Thus, Downey received a twelve-year sentence for her offenses.

[10]     Downey sold two different types of drugs on two different days to a Huntington City Police confidential informant. While we acknowledge the fact that this means the drugs were not introduced to the general populace, Downey did not know the buyer was an informant when she committed the crimes. Her behavior indicates her willingness to sell illegal drugs and her ability to find multiple drugs to sell. Nevertheless, there is nothing more egregious about Downey's crimes than the standard dealing offenses.

[11]     When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson*, 986 N.E.2d at 857. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Downey argues her criminal history should not have been found as an aggravating factor because none of the prior convictions were drug-related.[3] She argues that her guilty plea, entered within "just three and a half months after her arrest[,]" (Appellant's Br.

---

[3] Downey does acknowledge the alcohol-related offenses are substance abuse crimes.

at 9), demonstrates "her acceptance of responsibility for her actions." (*Id*.) As such, she argues that a portion of her sentence should have been suspended as she took responsibility for her actions and pled guilty.

[12] Downey's criminal history includes numerous juvenile adjudications. As an adult, she has been convicted of Class D felony obstruction of justice and twenty-one misdemeanor convictions including: possession of alcohol by a minor, conversion, driving while intoxicated, public intoxication, driving while suspended, disorderly conduct, and false informing. The trial court noted Downey's probation had been revoked seven times. At least two petitions to revoke were filed because Downey tested positive for a substance she was not allowed to have, *i.e.*, alcohol and cocaine.

[13] The trial court noted Downey had "an extensive criminal history." (Tr. at 57.) It was concerned with Downey's drug use and her non-compliance with the terms of her pre-trial release. It indicated she would not be able to be compliant with "any type of Probation, um Community Corrections, or anything." (*Id*. at 56.) Downey had been offered multiple opportunities to serve sentences on probation but she repeatedly violated the terms of probation. Although Downey's criminal history does not contain drug-related offenses, it demonstrates a pattern of behavior the trial court found understandably disturbing. We cannot say her criminal history was the sole aggravator; rather, her pattern of non-compliant behavior was the foremost aggravator. Her behavior over more than twenty years indicates a failure to take responsibility for her actions. Given these circumstances, Downey's character does not lead

us to see as inappropriate the trial court's sentence of twelve years without any portion of the sentence suspended. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (continuing to commit crimes after frequent contacts with the judicial system is a poor reflection on one's character); *see also Connor v. State*, 58 N.E.3d 215, 221 (Ind. Ct. App. 2016) (continued crimes indicate a failure to take full responsibility for one's actions).[4]

# Conclusion

[14] Downey has not demonstrated her twelve-year sentence is inappropriate in light of her character and her offense. Accordingly, we affirm.

[15] Affirmed.

Vaidik, C.J., and Altice, J., concur.

---

[4] Downey also appears to request we reexamine the weight given to her guilty plea. She argues her plea showed she had taken responsibility for her action and should have resulted in a partially suspended sentence. However, the trial court did recognize her plea as a mitigating factor but found it was outweighed by her criminal history and her non-compliance with probation requirements. The trial court did not overlook her plea. It simply did not give it the weight she wished it to have. Downey's request that we reexamine the weight given to her guilty plea is not a request we can grant. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) (appellate court can no longer review the weight assigned to aggravators and mitigators), *clarified on reh'g* 875 N.E.2d 218 (2007).