# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Apr 30 2013, 9:16 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

KENDALL JOHNSON,          )
                          )
    Appellant-Defendant,  )
                          )
      vs.              )          No. 49A02-1209-CR-755
                          )
STATE OF INDIANA,         )
                          )
    Appellee-Plaintiff.   )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49G06-1106-MR-41576

**April 30, 2013**

**OPINION -FOR PUBLICATION**

**MAY, Judge**

Kendall Johnson appeals his convictions of and sentences for murder, a felony,[1] and Class C felony battery.[2] He presents two issues for our consideration:

1. Whether the trial court abused its discretion when it declined to instruct the jury on reckless homicide as a lesser-included offense of murder; and

2. Whether Johnson's sentence was inappropriate based on his character and the nature of the offense.

We affirm.

## FACTS AND PROCEDURAL HISTORY[3]

Around 2:00 a.m. on June 10, 2011, Johnson arrived at Quintell Williams' house to visit his girlfriend, Natasha Jordan, who was staying with Williams for the evening. Johnson and Jordan argued, and another person in the house, Arian Douglass, asked Eric Bell to come to the house and ask Johnson to leave. After Bell arrived, Johnson, Jordan, and Bell went outside the house. Soon afterward Williams and Douglass heard gunshots. Williams walked outside and discovered Bell's body on the ground. An autopsy revealed Bell was shot eleven times and his death resulted from gunshot wounds.

Police apprehended Johnson, who had paid someone $20.00 to drive him from the scene. Johnson was carrying a gun that matched the bullet fragments and shell casings found

---

[1] Ind. Code § 35-42-1-1(1).
[2] Ind. Code § 35-42-2-1(a)(3).
[3] The record on appeal in this case was prepared pursuant to the Indiana Supreme Court's "Order Establishing the Indiana Court Reporting Pilot Project for Exploring the Use of an Audio/Visual Record on Appeal[,]" issued on September 18, 2012, and effective on July 1, 2012. *See* Ind. Supreme Court Case No. 94S00-1209-MS-522. Therefore, the citations to the transcript will be to the "AV Recording." We are grateful for the ongoing cooperation of the Honorable Mark D. Stoner of Marion Superior Court, the Marion County Public Defender Agency, and the Office of the Indiana Attorney General in the execution of this pilot project.

at the murder scene. The State charged Johnson with murder, Class C felony battery, Class D

felony strangulation,[4] and Class D felony possession of marijuana.[5] The State asked that

Johnson's sentence be enhanced because he used a firearm to commit the murder.[6] The trial

court granted Johnson's motion to sever the marijuana charge.

During trial, the court granted the State's motion to dismiss the strangulation charge,

and then the jury returned a guilty verdict on the murder and battery counts. The trial court

sentenced Johnson to fifty-five years for murder and to four years for Class C felony battery,

and the court ordered those sentences served concurrently.

## DISCUSSION AND DECISION

1.      Jury Instruction

In reviewing a decision whether to give a tendered instruction, we consider: (1)

whether the instruction correctly states the law; (2) whether there was evidence in the record

to support the instruction; and (3) whether the substance of the instruction is covered by other

instructions. *Androusky v. Walter*, 970 N.E.2d 687, 691 (Ind. Ct. App. 2012). The trial court

has discretion in instructing the jury, and its determination whether the record supported the

instruction and whether other instructions covered the topic will be reversed only when the

instruction amounts to an abuse of discretion. *Id.* A party seeking a new trial on the basis of

instructional error must show a reasonable probability his substantial rights have been

adversely affected. *Id.*

---

[4] Ind. Code § 35-42-2-9.
[5] Ind. Code § 35-48-4-11.
[6] Ind. Code § 35-50-2-11.

3

Johnson requested an instruction regarding reckless homicide as a lesser-included offense of murder.[7] Counsel argued that "due to the number of shots that were fired and the evidence [inaudible] from Mr. Johnson, that it would be reasonable to infer that this was a self-defense shooting at one point, and then after that it became a reckless shooting or reckless homicide." (AV Recording 2, 8/8/12; 13:13:40 – 13:13:48.) The trial court denied Johnson's request:

> OK. Alright. And I think again the court believes that the evidence is in the defendant's version that he was shooting in self defense…that he fired twice while the victim was facing him, or the decedent, whether or not he is the victim or not is something for the jury to decide. That he fired twice at the decedent at relatively close range and as he was running away he again was firing at the person as he was running away but I don't think there's . . . I still don't think there's any evidentiary dispute that he was intending to just fire off into the air or fire indiscriminately that he was firing towards the victim. Plus I think it's kind of hard to ignore the autopsy result that he actually hit the victim or decedent the multiple times that he did.

(*Id*. at 13:16:53 – 13:17:55.) The trial court did not abuse its discretion, as there was no evidence to support the instruction.

Our Indiana Supreme Court recently reiterated why reckless homicide is an inherently included lesser offense of murder:

> [R]eckless homicide occurs when the defendant "recklessly" kills another human being, and murder occurs when the killing is done "knowingly" or "intentionally." *Compare* Ind. Code § 35-42-1-5, with I.C. § 35-42-1-1(1). Reckless conduct is action taken in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct. I.C. § 35-41-2-2(c). By

---

[7] "A person who recklessly kills another human being commits reckless homicide, a Class C felony." Ind. Code § 35-42-1-5. "A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind. Code § 35-41-2-2(c).

4

contrast, a person engages in conduct "knowingly" if the person is aware of a "high probability" that he or she is doing so. I.C. § 35-41-2-2(b).

*Webb v. State*, 963 N.E.2d 1103, 1106 (Ind. 2012) (case citations and footnote omitted). As no other instruction covered the substance of this instruction, the only remaining question is whether the record supported the giving of the instruction.

We see no serious evidentiary dispute concerning Johnson's state of mind when he shot Bell. The State presented two witnesses who testified they heard multiple shots fired. Bell was wounded eleven times – "three gunshot wounds to the head, one to the right shoulder, four to the back, one to the right chest, one to the right buttock, and one to the left wrist." (AV Recording 2, 8/7/13, 14:25:29 – 40). Johnson admitted shooting Bell twice at close range and continuing to shoot at Bell while running away. Therefore, it reasonably can be inferred Johnson knowingly fired his gun with the intent to hit Bell. *See Sanders v. State*, 704 N.E.2d 119, 122-23 (Ind. 1999) (no serious evidentiary dispute regarding whether Sanders committed murder or reckless homicide when Sanders shot the victim at close range); *cf. Young v. State*, 699 N.E.2d 252, 256 (Ind. 1998) (serious evidentiary dispute regarding whether Young committed murder or reckless homicide when evidence suggested Young shot into a crowd of people and did not specifically aim at the victim). Accordingly, the trial court did not abuse its discretion when it declined to instruct the jury on reckless homicide because the evidence did not support such an instruction.

2.    Appropriateness of Sentence

We may revise a sentence if it is inappropriate in light of the nature of the offense and

5

the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The trial court sentenced Johnson to fifty-five years for murder and four years for Class C felony battery, to be served concurrently.

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The advisory sentence for murder is fifty-five years, with a sentencing range from forty-five to sixty-five years. One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*.

Johnson received the advisory sentence of fifty-five years. He argues less than the advisory sentence is appropriate because he acted in self-defense. The evidence most favorable to Johnson's conviction indicates Johnson shot Bell twice at close range, then retreated while firing additional shots, which hit Bell. The jury rejected Johnson's assertion that he acted in self-defense, and we may not revisit its decision.

6

When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. While Johnson has only one prior conviction, he also had two Class D felony cases pending at the time of his trial for murder. Johnson's criminal history is not so insignificant that, when coupled with the details of his offense, we could say the advisory sentence is inappropriate.

## CONCLUSION

The trial court did not abuse its discretion when it denied Johnson's request to have the jury instructed on reckless homicide because the evidence did not support such an instruction. Additionally, Johnson's sentence was not inappropriate based on his character and the nature of the offense. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.