# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 04 2016, 5:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Abiodun O. Bratton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 4, 2016<br><br>Court of Appeals Case No.<br>02A03-1509-CR-1385<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Wendy W. Davis, Judge<br><br>Trial Court Cause No.<br>02D06-1503-F6-251 |

**May, Judge.**

[1] Abiodun Bratton was convicted of two counts of Level 6 felony residential entry,[1] one count of Level 6 felony resisting law enforcement,[2] and two counts of Class B misdemeanor battery.[3] The court imposed an aggregate sentence of 3.5 years. Bratton argues that his sentence is inappropriate in light of his character and offense. We affirm.

## Facts and Procedural History

[2] On the evening of March 17, 2015, Bratton smoked synthetic marijuana. He then entered the home of D.W., who did not know Bratton. D.W. was frightened and told Bratton to leave, but he refused. Bratton told D.W. he was being chased by someone and asked her to call the police, but when D.W. tried to call the police, Bratton grabbed her phone, hit D.W. in the face, and ran from the house with her phone.

[3] A few moments later, Bratton knocked on the door of D.P.'s home. D.P. mistook Bratton for her brother and opened the door. Bratton pushed his way into the house, locked the door behind him, and announced the police were after him. D.P.'s children were scared, causing them to scream and cry. D.P. and Bratton struggled physically, causing D.P. pain, and D.P. was afraid

---

[1] Ind. Code § 35-43-2-1.5 (2014).

[2] Ind. Code § 35-44.1-3-1 (2014).

[3] Ind. Code § 35-42-2-1 (2014).

because she thought Bratton wanted to hurt her. Bratton took D.P.'s cell phone, and she convinced him to leave.

[4] When officers apprehended Bratton a short time later, he was yelling and acting mentally unstable. Officers placed Bratton in the back of a police car, but he refused to put his legs and feet inside the car so the door could be closed. Bratton then forced his way out of the car and stood up. His sudden action caused one officer to hit his knee on the curb, resulting in an abrasion, pain, and swelling of that knee.

[5] The State charged Bratton with two counts of Level 6 felony residential entry, one count of Level 6 felony resisting law enforcement, and two counts of Class B misdemeanor battery based on his touching D.W. and D.P. Bratton pled guilty to those crimes. The trial court found aggravators in Bratton's criminal history that involved firearms and drug trafficking, and in his failure to be rehabilitated by prior punishments. The trial court found Bratton's guilty plea as a mitigator. The court then imposed sentences of two years for each residential entry, 180 days for each battery, and 1.5 years for resisting law enforcement. The court ordered the four sentences for residential entry and battery served concurrently and the sentence for resisting law enforcement served consecutive to those for an aggregate sentence of 3.5 years.

## Discussion and Decision

[6] Bratton asks that we revise his sentence. We may grant his request if, "after due consideration of the trial court's decision, the Court finds that the sentence

is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). We give considerable deference to a trial court's sentencing decision, and its decision should be affirmed "unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). To determine the appropriateness of a deviation from the advisory sentence, we consider "whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence." *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013).

[8] Bratton pled guilty to three Level 6 felonies and two Class B misdemeanors. "A person who commits a Level 6 felony (for a crime committed after June 30, 2014) shall be imprisoned for a fixed term of between six (6) months and two and one-half years, with the advisory sentence being one (1) year." Ind. Code § 35-50-2-7 (2014). "A person who commits a Class B misdemeanor shall be imprisoned for a fixed term of not more than one hundred eighty (180) days."

Ind. Code § 35-50-3-3 (1977). In light of the range of sentences Bratton could have received,[4] we see nothing inappropriate about his 3.5-year sentence.

[9] Bratton voluntarily consumed an illegal drug to which he admitted being addicted and which caused him to become paranoid and mentally unstable. He then entered two separate residences, battering a woman inside each of those homes. In one of the homes, two young children screamed and cried as they watched Bratton attack their mother and, thereafter, they had trouble sleeping because they were afraid someone would break into their house. As Bratton left each of those homes, he took the occupant's cell phone with him. The third person Bratton injured physically was a police officer. Bratton had already been placed into the police car, but he shoved his way out of the car, knocking the officer down in the process and causing injury to his knee. As Bratton's five convictions resulted in physical injury to three adults and negatively impacted two children, we find nothing inappropriate about a 3.5-year sentence.

[10] To assess Bratton's character, one relevant fact we consider is Bratton's criminal history. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. Bratton's

---

[4] Because felony resisting law enforcement is a "crime of violence," Ind. Code § 35-50-1-2(a)(16), the total consecutive term of imprisonment that Bratton could have received was not limited to the four years provided by Ind. Code § 35-50-1-2(d)(1). *See* Ind. Code § 35-50-1-2(c) (explaining consecutive sentences for "felony convictions arising out of an episode of criminal conduct shall not exceed the period described in subsection (d)," "*except for crimes of violence*") (emphasis added).

criminal history includes two convictions -- a misdemeanor for driving without a license, and a federal felony for possessing a firearm while drug trafficking. During the three years of supervised release Bratton received for the felony, the court first had to modify his release to require community service because Bratton had not obtained employment. Then, eighteen months later, the court revoked his release and ordered Bratton back to prison for five months. Despite having completed substance abuse treatment in jail in 2005 and recognizing his addiction to synthetic marijuana, Bratton admittedly used that drug daily from 2009 until 2015, without seeking assistance to quit. These facts do not suggest a 3.5 year sentence is inappropriate for Bratton's character.

## Conclusion

[11] Bratton has not demonstrated that his sentence is inappropriate in light of his character and offense. Accordingly, we affirm his cumulative 3.5 year sentence for three Level 6 felonies and two Class B misdemeanors.

[12] Affirmed.

Baker, J., and Brown, J., concur.