## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 24 2018, 5:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Lamar Jackson, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | October 24, 2018 <br><br> Court of Appeals Case No. 18A-CR-905 <br><br> Appeal from the Vanderburgh Circuit Court <br><br> The Honorable Michael J. Cox, Magistrate <br><br> Trial Court Cause No. 82C01-1703-F4-1462 |

**May, Judge.**

Michael Lamar Jackson appeals his nine-year sentence for Level 4 felony unlawful possession of a firearm by a serious violent felon.[1] He argues his sentence is inappropriate based on the nature of his offense and his character. We affirm.

## Facts and Procedural History

On March 14, 2017, police executed a search warrant at Jackson's residence based on information someone was dealing heroin at that location. During their search, officers found three guns. Jackson indicated he had received one of the guns as payment for heroin. On March 1, 2017, the State charged Jackson with Level 4 felony unlawful possession of a firearm by a serious violent felon.[2]

On February 26, 2018, Jackson entered a guilty plea under which the parties left sentencing to the discretion of the trial court. On March 23, 2018, the trial court held a sentencing hearing and then sentenced Jackson to nine years executed in the Department of Correction.

## Discussion and Decision

---

[1] Ind. Code § 35-47-4-5(c) (2016).

[2] Jackson does not deny he is a serious violent felon based on his prior conviction of robbery.

[4]     We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). Our review is deferential to the trial court's decision, and our goal is to determine whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[5]     When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The advisory sentence for a Level 4 felony is six years, with a sentencing range of two to twelve years. Ind. Code § 35-50-2-5.5 (2014). The trial court sentenced Jackson to nine years.

[6]     One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. Here, Jackson argues his offense, Level 4 felony unlawful possession of a firearm by a serious violent felon, was a non-violent crime and he only

possessed the firearms for protection. However, the State presented evidence the firearms in question were stolen, had been given to Jackson as payment for drugs, and were found in an apartment where police found evidence of heroin dealing. Based thereon, we cannot say Jackson's sentence is inappropriate based on the nature of his offense. *See Shotts v. State*, 53 N.E.3d 526, 539 (Ind. Ct. App. 2016 (sentence not inappropriate for unlawful possession of a firearm by a serious violent felon despite Shotts' argument that the details of the crime could not be considered the "most egregious"), *trans. denied*.

[7] When considering the character of the offender, one relevant fact is the appellant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. In his brief, Jackson acknowledges he "has far from a clean past[,]" (Br. of Appellant at 8), and cites to the "well-prepared colloquy," (*id*.), he presented to the trial court. While Jackson's statement focuses on his efforts to rehabilitate his behavior, such as receiving his associate's degree and speaking to young people about the dangers of criminal activity, it ignores that he continued to deflect responsibility for possessing the firearm by claiming the firearm belonged to his roommate.

[8] Jackson's statement and argument on appeal attempt to mask his lengthy criminal history, which started when he was a juvenile and escalated in severity into his adulthood. Jackson has twenty-three prior misdemeanor and four prior felony convictions, ranging from substance-related offenses to criminal deviate

conduct and robbery.  We cannot say Jackson's sentence is inappropriate based on his character.  *See Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017) (sentence not inappropriate based on Perry's extensive criminal history and veiled expression of remorse).

# Conclusion

[9] Based on the nature of his offense and his character, Jackson's sentence is not inappropriate.  Accordingly, we affirm the trial court's decision.

[10] Affirmed.


Baker, J., and Robb, J., concur.