## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Travis K. Adamonis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 12, 2019

Court of Appeals Case No.
18A-CR-3098

Appeal from the
Allen Superior Court

The Honorable
Frances C. Gull, Judge

Trial Court Cause No.
02D05-1712-F5-364[1]

---

[1] We note that many documents misstate the trial court cause number as 02D04-1712-F5-364. However, we use 02D05-1712-F5-364 as it is the number found in Odyssey and the CCS.

**Kirsch, Judge.**

[1]  Travis K. Adamonis ("Adamonis") pleaded guilty to possession of cocaine,[2] a Level 5 felony, operating a vehicle while intoxicated,[3] a Class A misdemeanor, and leaving the scene of an accident,[4] a Class B misdemeanor. After being terminated from Drug Court, Adamonis was subsequently sentenced to concurrent terms of three years for Count I, one year for Count II, and 180 days for Count III, for an aggregate sentence of three years executed in the Indiana Department of Correction ("DOC"). Adamonis now appeals his sentence arguing that it is inappropriate in light of the nature of the offenses and the character of the offender.

[2]  We affirm.

## Facts and Procedural History

[3]  On December 14, 2017, Adamonis ran a red light and was struck by another vehicle. *Appellant's App. Vol. II* at 14. Adamonis was under the influence of alcohol, and rather than stopping, he continued driving until his truck broke down. *Id.* at 37. When Detective Weaver with the Fort Wayne Police

---

[2] *See* Ind. Code § 35-48-4-6.

[3] *See* Ind. Code § 9-30-5-2(b).

[4] See Ind. Code § 9-26-1-1.1.

Department responded, Adamonis was standing at the driver's side of the truck. *Id.* Adamonis told Detective Weaver that he had been involved in the accident. *Id.* While being handcuffed, Adamonis told Detective Weaver that his identification was in his left front pocket. *Id.* As Detective Weaver removed the identification, he found a clear plastic bag with a white, powdery substance inside. *Id.* Adamonis stated, "I have some coke on me." *Id.* Detective Weaver found another bag with the same powdery substance. *Id.* Both bags contained cocaine: the first bag weighed 1.2 grams and the other 7.5 grams. *Id.* Adamonis was subsequently arrested and charged with possession of cocaine, operating a vehicle while intoxicated, and leaving the scene of an accident. *Id.*

[4] Adamonis pleaded guilty to all counts on February 26, 2018 and was ordered to participate in Drug Court. *Id.* at 23. While participating in Drug Court, Adamonis had four positive urine screens and tested positive for marijuana, alcohol and cocaine. *Id.* at 33. On October 22, 2018, the Drug Court case manager filed a petition to terminate Adamonis's participation in the program. *Id.* at 24. The petition alleged that Adamonis had violated the conditions of Drug Court by testing positive for alcohol on October 11, 2018 and "[b]eing unsuccessfully discharged from Freedom House [a halfway house] on October 17, 2018." *Id.* at 24-25. His participation in Drug Court was ultimately revoked. *Tr. Vol. 2* at 16.

[5] At the November 27, 2018 sentencing hearing, the trial court noted as mitigating factors that Adamonis entered a guilty plea and expressed remorse and responsibility for his actions. *Appellant's App. Vol. II* at 42. The trial court

also found Adamonis's extensive criminal history to be an aggravating circumstance. Specifically, the trial court highlighted: "three adjudications as a juvenile with . . . , administrative probation, community service, drug treatment, operational supervision; and then, as an adult, you have five misdemeanor convictions with the benefit of short jail sentences, longer jail sentences, active adult probation, house arrest, the Alcohol Countermeasures Program, suspended commitments . . ., and then, ultimately, treatment through the Drug Court Program." *Tr. Vol. 2* at 19. Adamonis was also rated as a "High" risk to reoffend according to the Indiana Risk Assessment System. *Appellant's App. Vol. II* at 34. The trial court sentenced Adamonis to confinement in DOC for three years for Count I, one year for Count II, and 180 days for Count III. *Tr. Vol. 2* at 20-21. The sentences were to run concurrently. *Id.* at 21. In addition to the time at DOC, Adamonis was ordered to pay $6,150.00 in restitution. *Id.* Adamonis now appeals his sentence.

## Discussion and Decision

[6] Under Indiana Appellate Rule 7(B), this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has explained that the principal role of the appellate review should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We independently examine the nature of Adamonis's offenses and his character under Appellate Rule 7(B) with

substantial deference to the trial court's sentence. *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015). "In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017) (quoting *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*). Whether the sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. Adamonis bears the burden of persuading this court that his sentence is inappropriate. *Id.*

[7] In arguing that his sentence is inappropriate, Adamonis focuses only on the character prong of Indiana Appellate Rule 7(B) sentence review. *Appellant's Br.* at 12. When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Kunberger v. State*, 46 N.E.3d 966, 973 (Ind. Ct. App. 2015); *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). Here, Adamonis was convicted of a Level 5 felony, a Class A misdemeanor, and a Class B misdemeanor. The advisory sentence for a Level 5 felony is three years, with a range between one and six years. Ind Code § 35-50-2-6. For a Class A misdemeanor and a Class B misdemeanor, the limit for imprisonment is one year, Ind. Code § 35-50-3-2, and 180 days respectively, Ind. Code. § 35-50-3-3.

[8]     Notwithstanding Adamonis's failure to specifically address the nature of the offense, we note that the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Perry*, 78 N.E. at 13.  In the present case,  Adamonis was driving while intoxicated, ran a red light, and was struck by another vehicle. *Appellant's App. Vol. II* at 36-37.  Instead of remaining at the scene, Adamonis fled the area until he could no longer drive due to his truck breaking down. *Id.* at 36.  All the while, he had two bags of cocaine in his possession.  The offense is made worse due to Adamonis's previous driving while intoxicated convictions and convictions concerning illegal intoxicants.  Adamonis's aggregate sentence of three years is not inappropriate in light of the nature of the offense.

[9]     Adamonis contends that his character demonstrates "his willingness and desire to cooperate with treatment." *Appellant's Br*. at 13.  He also states that he apologized for his decisions, and this demonstrates his character[5].  The character of the offender is found in what we learn of the offender's life and conduct. *Id.*  One relevant fact in considering the character of the offender is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013).  At the sentencing hearing, Adamonis took full responsibility for his actions and admitted that the court gave him "a ton of chances." *Tr. Vol. 2*

---

[5] Adamonis contends that the decision by the trial court to order a sentence longer than the one recommended by the State was unjustified in light of what he considers his positive character.  We note that "unjustified" is not a valid criterion under a Rule 7(B) analysis.  Rather, the test is whether a sentence is "inappropriate." *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017), *trans. denied*.

at 18. However, Adamonis was originally a participant in Drug Court, and his participation was terminated when he violated the Drug Court terms and conditions multiple times. *Appellant's App. Vol. II.* at 24-25. Additionally, Adamonis broke the law when he was a juvenile and continued breaking the law as an adult. Adamonis's adult criminal record demonstrates a lack of rehabilitation. In adulthood, Adamonis has experienced the advantages of house arrest, probation, and programs focusing on alcohol and drugs. *Tr. Vol. 2* at 19. Despite participation in these forms of rehabilitation, Adamonis continued to reoffend and still remained a "High" risk to reoffend at the time of sentencing. *Appellant's App. Vol. II* at 34. Adamonis's sentence is not inappropriate based on the nature of the offense and his character.

[10] Affirmed.

Vaidik, C.J., and Altice, J., concur.