## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 12 2019, 7:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean C. Mullins
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Curtis L. Armour, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 12, 2019 <br><br> Court of Appeals Case No. 18A-CR-2929 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Diane R. Boswell, Judge <br><br> Trial Court Cause No. 45G03-1505-F2-3 |

**Kirsch, Judge.**

[1] Curtis L. Armour ("Armour") pleaded guilty to one count of dealing in cocaine[1], a Level 4 felony, and was sentenced to seven years in the Indiana Department of Correction. He now appeals his sentence, arguing that his sentence is inappropriate in light of the nature of the offense and his character.

[2] We affirm.

## Facts and Procedural History

[3] In early 2015, Armour was laid off from his employment. *Appellant's App. Vol. II* at 53. He lost his home and could not financially support himself or his family. *Tr. Vol. II* at 42. Armour then began selling cocaine. *Id.* In February 2015, Armour sold cocaine to an undercover police officer on four occasions. *Id.* at 43. Each time, the cocaine weighed more than one gram and less than five grams. *Id.* Armour was initially charged with four counts of dealing in cocaine, as Level 3 felonies, and one count of dealing in cocaine as a Level 2 felony. *Appellant's App. Vol. II* at 72. During the plea negotiations, the charges were amended, and Armour was charged with one count of dealing in cocaine as a Level 4 felony, and the other charges were dismissed.

[4] While waiting for his case to be resolved, Armour obtained a job as a janitor, and, at the time of sentencing, he had maintained his employment for nearly three years. *Tr. Vol. II* at 39. During this time, Armour became more

---

[1] *See* Ind. Code § 34-48-4-1(c).

financially stable and started his own savings account. *Id.* at 53. He also began to provide more support for his eight children. *Id.* at 52.

[5] In preparation for the sentencing hearing, Armour was assessed by the IRAS-CST and determined to be a "HIGH" risk to reoffend. *Appellant's App. Vol. II* at 54. The trial court considered this information and Armour's criminal history, which began in 1996. On the two occasions that Armour was previously allowed to serve his sentence on probation, he violated his probation, and the State filed petitions to revoke his probation. *Tr. Vol. II* at 46. The trial court found Armour's criminal history to be an aggravating factor and found no mitigating factors. *Id.* at 67. Armour was sentenced to seven years executed in the Indiana Department of Correction. *Id.*

## Discussion and Decision

[6] Pursuant to Indiana Appellate Rule 7(B), this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has explained that the principal role of appellate review should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225. (Ind. 2008). We independently examine the nature of Armour's offense and his character under Appellate Rule 7(b) with substantial deference to the trial court's sentence. *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015). "In conducting our review, we do not look to see whether

the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied.* Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. Armour bears the burden of persuading this court that his sentence is inappropriate. *Id.*

[7] Armour argues that his sentence is inappropriate in light of the nature of the offense and his character. He contends that the nature of the offense did not warrant the aggravated sentence because the offense was not more egregious than necessary to fulfill the elements of the crime. *Appellant's Br.* at 6. He asserts that the trial judge found the nature of the offense was not an aggravating factor and claims that the judge failed to recognize his character improvements as a mitigating factor. *Id.* at 8-9. Armour states that he has more financial stability and job security, and this will remove his likelihood to return to criminal activities. *Id.* Armour requests that he serve four years incarcerated and two years on probation.

[8] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Kunberger v. State*, 46 N.E.3d 966, 973 (Ind. Ct. App. 2015); *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). Here, Armour was convicted of one count of a Level 4 felony. The advisory sentence for a Level 4

felony is six years, with a range between two and twelve years. Ind. Code § 35-50-2-5.5. Armour was given a seven-year sentence.

[9] As this court has recognized, the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Armour had been previously convicted for dealing cocaine, and this was an aggravating factor. Here, Armour's sentence is not inappropriate because of the nature of the offense.

[10] The character of the offender is found in what we learn of the offender's life and conduct. *Perry*, 78 N.E.3d at 13. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Armour has a criminal record which spans twenty-two years and which includes several convictions for drug-related offenses. In 2003, Armour pleaded guilty to three counts of dealing in cocaine as a Class A felony and one count of Class B felony possession of cocaine. *Id.* In another case from 2003, Armour pleaded guilty to three counts of Class A felony dealing in cocaine. *Id.* Since then, Armour has also been convicted of possession of marijuana, eight counts of dealing in cocaine, domestic battery, criminal mischief, and operating a vehicle while intoxicated. *Id.* at 49-52. Armour's extensive criminal history is an aggravating factor.

[11] The trial court concluded that although Armour's change in behavior was an improvement, it did not rise to the level of a mitigating factor. *Appellant's App.*

*Vol. II* at 70. We agree. Armour contends that he only went back to drug dealing after he lost his job and would not go back to drug dealing if he were to lose his job today because he has started a savings account. *Appellant's Br.* at 5. Although Armour's improvements are notable, his return to drug dealing after his previous convictions for the same crime was an aggravating factor. Armour's sentence of seven years executed is not inappropriate in light of the nature of the offense and the character of the offender.

[12] Affirmed.

Vaidik, C.J., and Altice, J., concur.