## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2020, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tosha Richardson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 31, 2020<br><br>Court of Appeals Case No.<br>20A-CR-300<br><br>Appeal from the Ripley Circuit Court<br><br>The Honorable Ryan J. King, Judge<br><br>Trial Court Cause No.<br>69C01-1810-F3-4 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Tosha Richardson (Richardson), appeals the trial court's sentence following her guilty plea to dealing in methamphetamine, a Level 4 felony, Ind. Code § 35-48-4-1.1(c)(1).

We affirm.

# ISSUE

Richardson presents one issue on appeal, which we restate as: Whether Richardson's sentence is inappropriate in light of the nature of the offense and her character.

# FACTS AND PROCEDURAL HISTORY

On October 5, 2019, the police went to Richardson's apartment in Sunman, Indiana, where she lived with her long-term boyfriend and her eighteen-year-old daughter to conduct a "knock and talk" upon learning information that Richardson was dealing methamphetamine. (Appellant's App. Vol. II, p. 22). Richardson gave her consent to a search, and an officer gave Richardson her *Miranda* advisements. In the kitchen, police found two plastic bags with marijuana and seven pills of Flexeril. In Richardson's bedroom, the police found three pills containing Alprazolam, one pill of Clonazepam, four pills of Naproxen, a small wrapper with marijuana, and approximately three grams of methamphetamine. Police also found a pipe used for smoking methamphetamine, plastic baggies with the corners cut off, a cut straw, and a digital scale. Richardson stated that she was the "go-between" for methamphetamine between a drug dealer in Cincinnati, Ohio, and Ripley County,

Indiana. (Appellant's App. Vol. II, p. 24). Richardson also told the police that she shared methamphetamine with three of her friends and that she recently bought "six grams of methamphetamine" and "at least one hundred and fifty dollars ($150.00) worth of methamphetamine[.]" (Transcript p. 77). Richardson admitted that she had shared methamphetamine with her friends on four or five occasions. Richardson's daughter pulled an investigator aside and told him that she suspected that Richardson was using drugs because she had sores on her legs, rotting teeth, and that there were people coming and going from their home throughout the middle of the night.

[5] On October 10, 2019, the State filed an Information, charging Richardson with dealing in methamphetamine, a Level 3 felony, possession of methamphetamine, a Level 5 felony, maintaining a common nuisance with a controlled substance, a Level 6 felony, possession of marijuana, a Class B misdemeanor, possession of paraphernalia, a Class C misdemeanor, possession of a controlled substance, a Class A misdemeanor, and possession of a legend drug, a Level 6 felony. On December 5, 2019, the trial court granted the State's motion to add one Count of dealing in methamphetamine, a Level 4 felony, and to dismiss the possession of a legend drug charge.

[6] On December 17, 2019, a jury trial was convened for this matter. On the second day of her jury trial, Richardson entered into a plea agreement with the State in which she pled guilty to dealing in methamphetamine, a Level 4 felony, and all other charges were dismissed. The plea agreement did not include any sentencing recommendation.

[7] The presentence investigation report showed that Richardson has a criminal history of public intoxication, a Class B misdemeanor in 2004, operating a vehicle while intoxicated, a Class A misdemeanor in 2004, and operating a vehicle while intoxicated as a Level 6 felony in 2010 which was subsequently reduced to a Class A misdemeanor. Richardson served probation for these offenses and did so successfully without violation. The report also indicated that Richardson had been using methamphetamine for approximately two years and, by the time of the offense, Richardson smoked roughly half a gram of methamphetamine a day. Richardson was unemployed during most of the period she was using methamphetamine.

[8] On January 9, 2020, the trial court held Richardson's sentencing hearing. Richardson testified that she underwent an alcohol-abuse treatment program on two separate occasions after her three alcohol-related offenses. Richardson admitted that she consumed alcohol at a bar with friends approximately a year before the hearing. Richardson also offered evidence that she had visited a faith-based rehabilitation center three times several months prior to her sentencing hearing. During the sentencing hearing, Richardson apologized for her conduct and acknowledged how detrimental her drug-use has been to her, her family, and her community. Richardson acknowledged that her daughter had lost respect for her and that her drug use meant that she could not spend time with her daughter. Richardson was asked during the hearing who she had shared methamphetamine with and who had provided her with methamphetamine, but she refused to provide those names.

[9] In determining Richardson's sentence, the court found the following aggravating factors : (1) Richardson committed dealing in methamphetamine multiple times by

distributing the drug between Indiana and Ohio; (2) Richardson committed other offenses by possessing multiple other controlled substances during the commission of the offense; (3) Richardson has a criminal history; and (4) Richardson's drug-use has gravely impacted her daughter. The trial court found only one mitigating factor: Richardson's successful completion of probation for her previous offenses. The trial court found that the four aggravating factors outweighed the one mitigating factor. The trial court sentenced Richardson to eleven years, with three years suspended to probation.

[10] Richardson now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

[11] Richardson requests that we independently review the appropriateness of her sentence. Pursuant to Indiana Rule of Appellate Procedure 7(B), we may revise a sentence if we conclude "the [trial court's] sentence is inappropriate in light of the nature of the offense and character of the offender." *Corbin v. State*, 840 N.E.2d 424, 432 (Ind. Ct. App. 2006). In reviewing the appropriateness of a sentence, "we are not limited to the mitigators and aggravators found by the trial court" and "may look to any factors appearing in the record." *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014); *Rich v. State,* 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. The "defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

## I. *Nature of the Offense*

[12] In evaluating the nature of the offense, "the advisory sentence is the starting point to determine the appropriateness of a sentence." *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). The minimum sentence for dealing in methamphetamine, a Level 4 felony, is two years, with a maximum sentence of twelve years and an advisory sentence of six years. I.C. § 35-50-2-5.5. Here, the trial court imposed an eleven-year sentence, a near maximum for the offense. When the trial court deviates from the advisory sentence, we consider "whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the 'typical' offense." *Johnson*, 986 N.E.2d at 856. We also look to "the details and circumstances of the commission of the offense and the defendant's participation in it." *Washington v. State,* 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*.

[13] Here, Richardson admitted to dealing four or five times by purchasing methamphetamine in Ohio and bringing it back into the Ripley County community. As the trial court noted, the scale and baggies, along with the other illegal substances found in her bedroom, are strongly indicative that Richardson was dealing more than she admitted. These items would not be necessary if Richardson was only sharing methamphetamine with a few of her friends. Additionally, Richardson's daughter stated that her mother had sores and rotting teeth and people were coming to and from their residence all night. Richardson had told investigators that her last two methamphetamine purchases cost $150 and $200. Richardson did not have an income at the time of her methamphetamine-use, and it is reasonable to conclude that Richardson purchased this methamphetamine with profits from dealing. Richardson had over three grams of methamphetamine in her possession, which was

in excess of the one gram necessary to prove the offense. *See* I.C. § 35-48-4-1.1(c)(1). These circumstances are beyond what the State would have had to prove to get a conviction which makes Richardson's offense more egregious. In short, we find nothing about the nature of Richardson's offense which renders her sentence inappropriate.

## II. *Character of the Offender*

[14] With respect to the character of the offender, we refer "to the general sentencing considerations and the relevant aggravating and mitigating circumstances." *Corbin*, 840 N.E.2d at 432. Here, Richardson had a criminal record consisting of three addiction-related offenses. Although these prior offenses were misdemeanors and rather remote in time, it is apparent that Richardson graduated from alcohol-abuse, to drug-abuse, to dealing drugs. This is a serious escalation and weighs against her character. Additionally, while Richardson did complete probation three times successfully, her only mitigating factor, she also participated in alcohol-abuse counseling twice after her three misdemeanors. Richardson appears not to have been rehabilitated from the alcohol counseling because she admitted to drinking with her friends at a bar after her completion of the programs. Richardson sought substance abuse treatment after the instant offense. However, she only attended the treatment program three times shortly before her sentencing hearing. Therefore, we do not see Richardson's actions to rehabilitate as particularly genuine or persuasive.

[15] In addition, Richardson recognized the impact her drug-use had on her daughter, apologized, and acknowledged how horrible drugs are for the community. However, she still refused, even when given a second opportunity at sentencing, to help remove

drugs from the community by identifying who else was involved. Richardson's character and the numerous aggravating factors present in this case do not warrant a downward revision of her sentence.

## CONCLUSION

[16] Based on the foregoing, we conclude that Richardson's sentence is not inappropriate in light of the nature of the offense and her character.

[17] Affirmed.

Mathias, J. and Tavitas, J. concur