## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Lisa M. Johnson
Brownsburg, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Emily R. Loredo,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 29, 2020

Court of Appeals Case No.
20A-CR-1119

Appeal from the Adams Superior Court

The Honorable Patrick R. Miller, Judge

Trial Court Cause Nos.
01D01-1810-F6-187

**Bradford, Chief Judge.**

# Case Summary

Emily Loredo was charged with Level 6 felony failure to appear after she failed to appear for a sentencing hearing and absconded from Indiana. She eventually turned herself in, was extradited to Indiana, and pled guilty to the Level 6 felony charge. The trial court accepted Loredo's guilty plea and sentenced her to 850 days of incarceration. On appeal, Loredo contends that her 850-day sentence is inappropriate. We affirm.

# Facts and Procedural History

In June of 2017, Loredo committed two acts of dealing a substance that she represented to be a controlled substance. On September 10, 2018, she pled guilty to two counts of Level 6 felony dealing a substance represented to be a controlled substance. Loredo was ordered to appear for a sentencing hearing on October 1, 2018. Prior to the scheduled sentencing hearing, Loredo absconded from Indiana.

After Loredo failed to appear for the October 1, 2018 sentencing hearing, the State charged Loredo with Level 6 felony failure to appear. On January 31, 2020, Loredo turned herself in in Virginia and was subsequently extradited to Indiana. On May 13, 2020, Loredo pled guilty to the Level 6 felony failure-to-appear charge. The trial court subsequently accepted Loredo's guilty plea and sentenced her to 850 days of incarceration.

# Discussion and Decision

[4]     Loredo contends that her 850-day sentence is inappropriate.  Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  In analyzing such claims, we "concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character."  *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (internal quotation omitted).  The defendant bears the burden of persuading us that his sentence is inappropriate.  *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[5]     The trial court sentence Loredo to a term of 850 days for her Level 6 felony failure-to-appear conviction.  Indiana Code section 35-50-2-7(b) provides that "[a] person who commits a Level 6 felony … shall be imprisoned for a fixed term of between six (6) months and two and one-half (2½) years, with the advisory sentence being one (1) year."  Thus, in sentencing Loredo to an 850-day term, or two years and four months, the trial court imposed an aggravated sentence.

[6]     With regard to the nature of the offense, Loredo was charged with Level 6 felony failure to appear after she failed to appear at sentencing in another

criminal case and absconded from Indiana. Loredo stayed out of Indiana for 509 days before turning herself in. Loredo was also on probation in two unrelated criminal cases at the time she fled and her act of fleeing constituted a violation of the terms of her probation.

[7] As for Loredo's character, "[w]hen considering the character of the offender, one relevant fact is the defendant's criminal history." *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Loredo acknowledges that she has amassed a number of prior convictions but argues that her prior criminal behavior can largely be attributed to her prior drug use. Loredo's criminal history includes a juvenile adjudication for leaving home without the permission of a parent, guardian, or custodian; three misdemeanor convictions; and four felony convictions.[1] She has also violated the terms of probation on multiple occasions and there were outstanding warrants for her arrest at the time of sentencing. In addition, the trial court found that Loredo was a "a high risk to reoffend." Tr. Vol. II p. 33. Loredo's apparent disregard for the laws of this state as evidenced by her criminal behavior reflects poorly on her character. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (providing that even a minor criminal history is a poor reflection on a defendant's character).

---

[1] Loredo's prior convictions included the following: Level 6 felony theft of a firearm, Level 6 felony possession of methamphetamine, two convictions for Level 6 felony unlawful possession of a syringe, Class A misdemeanor criminal mischief, Class A misdemeanor operating while intoxicated endangering a person, and Class B misdemeanor possession of marijuana.

[8]     In arguing that her sentence is inappropriate, Loredo points to what she asserts are positive character traits. First, Loredo claims that although her two children "do no live with [her], she is a loving mother who is genuinely concerned about their well-being and wants the best for them." Appellant's Br. p. 12. While Loredo may genuinely care about her children, her concern for her children did not stop her from abandoning them by absconding from the state for over 500 days. Loredo also claims to have been subjected to abuse as a child and, as a result, suffers from anxiety, depression, and post-traumatic stress disorder ("PTSD"). Loredo, however, presented no evidence to support her claim that she suffers from anxiety, depression, or PTSD or to prove any nexus between her alleged mental illness and the commission of her crime.

[9]     Loredo further claims that it reflects well on her character that she eventually accepted responsibility for her actions, cooperated with authorities, and turned herself in. We cannot agree. Loredo absconded after pleading guilty in another criminal case. She remained outside of the state for over 500 days. The fact that she eventually decided to cooperate with authorities does not negate the negative depiction of her character reflected by her absconsion. Loredo has failed to convince us that her aggregate 850-day sentence is inappropriate. *See Sanchez*, 891 N.E.2d at 176 ("The defendant bears the burden of persuading us that his sentence is inappropriate.").

[10]    The judgment of the trial court is affirmed.

Najam, J., and Mathias, J., concur.