## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 07 2019, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tubo D. Owei,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 7, 2019

Court of Appeals Case No.
18A-CR-1679

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause No.
02D04-1803-F6-239

**May, Judge.**

Court of Appeals of Indiana | Memorandum Decision 18A-CR-1679 | February 7, 2019          Page 1 of 10

[1] Tubo D. Owei appeals his conviction of and sentence for Level 6 felony domestic battery.[1] He presents three issues for our review:

> 1. Whether the State presented sufficient evidence he committed Level 6 felony domestic battery;
>
> 2. Whether the trial court abused its discretion when it sentenced him to two years; and
>
> 3. Whether Owei's two-year sentence is inappropriate.

We affirm.

# Facts and Procedural History

[2] Owei and B.R. had an off and on romantic relationship and had a child together. On February 27, 2018, Owei, B.R., and B.R.'s two children[2] were at home. Owei asked B.R. if he could borrow her deodorant. B.R. scraped off the top layer of the deodorant to give to Owei because "it's [D]ove and it's for women. So [she] didn't want him to put it under his arm." (Tr. Vol. II at 135.) Owei became irritated, and B.R. left the room.

[3] Owei followed B.R. and started yelling. Owei then punched B.R. in the face, and the two "started fighting inside the living room[.]" (*Id.* at 137.) After a few

---

[1] Ind. Code § 35-42-2-1.3(b)(2) (2016).

[2] One of the children was Owei's child.

minutes during which B.R. and Owei punched each other, Owei picked up B.R. and threw her down, injuring B.R.'s head. B.R. attempted to reach her phone to call 911, but Owei began choking her. At some point, Owei obtained a knife, but B.R. was able to get it away from him. Owei also grabbed a computer cord and whipped B.R. with it multiple times. B.R. was eventually able to reach the bathroom, close the door, and call 911.

[4] Police arrived shortly thereafter and arrested both B.R. and Owei. The attack lasted a total of thirty to forty-five minutes. As a result of the attack, B.R. suffered two black eyes, a lump on her head, bruises and cuts on her fingers, and welts and bruises on her back. Owei also sustained injuries: a busted lip, a loose tooth, and a bleeding head injury.

[5] The State charged Owei with Level 6 felony domestic battery and Class A misdemeanor interference with the reporting of a crime.[3] A jury returned a guilty verdict for the domestic battery charge. The trial court convicted Owei of Level 6 felony domestic battery and sentenced him to two years, with eighteen months suspended to probation.

# Discussion and Decision

---

[3] Ind. Code § 35-45-2-5 (2002).

# Sufficiency of the Evidence

[6]     When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id*. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id*. at 147.

[7]     To prove Owei committed Level 6 felony domestic battery, the State had to present evidence he touched a member of his family or household in a rude, angry, or insolent manner and the crime occurred in the presence of a child less than sixteen years old, provided he knew the child was present and would be able to hear or see the offense. Ind. Code § 35-42-2-1.3(b)(2) (2016). Owei argues there are several inconsistencies in B.R.'s testimony and her "account of things does not make sense and is unreasonable given the evidence." (Br. of Appellant at 19.)

[8] B.R. testified that, over a period of thirty to forty-five minutes, Owei punched her, dropped her causing a head injury, choked her, and whipped her. B.R. suffered two black eyes, a lump on her head, cuts and bruises on her fingers, and welts and bruises on her back. The crime occurred in the presence of B.R.'s small children, whom the evidence demonstrated Owei knew were present. Owei's account of the events, in which B.R. was the aggressor and the time frame of the attack was considerably shorter, is an invitation for us to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge the credibility of witnesses). B.R.'s account is neither incoherent nor unbelievable, and we therefore affirm. *See, e.g.*, *Moore v. State,* 27 N.E.3d 749, 751 (Ind. 2015) ("For the incredible dubiosity rule to apply, the evidence presented must be so unbelievable, incredible, or improbable that no reasonable person could ever reach a guilty verdict based upon that evidence alone.").

## Sentencing - Abuse of Discretion

[9] Sentencing decisions are within the sound discretion of the trial court, and we review them on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). One way a court abuses its discretion is by failing to address mitigating circumstances that are advanced for consideration and clearly supported by the record. *Id.* at 490-1. A trial court is not, however, required to accept a defendant's claim as to the existence of mitigating circumstances. *Harman v. State*, 4 N.E.3d 209, 218 (Ind. Ct. App. 2014), *trans. denied*. Rather, the

defendant must "establish that the mitigating evidence is both significant and clearly supported by the record." *Id.* The trial court is not obligated to explain why it did not find a circumstance to be mitigating. *Anglemyer*, 868 N.E.2d at 493.

[10] A Level 6 felony has a sentencing range of six months to two and a half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b) (2016). The trial court sentenced Owei to two years, with eighteen months suspended to probation. During Owei's sentencing hearing, the trial court stated:

> All right. I hear - I'm having trouble finding some mitigating circumstances this morning. I did hear him apologize. Although, it's hard when to know[,] as the Court[,] how sincere that is considering he's been found guilty. I look at the IRAS score. It does put him at a moderate risk to reoffend. That is an objective[,] as you know [Defense Counsel,] that allows the Court to determine whether or not he should remain incarcerated or put on a suspended sentence with services. I do find that all of the aggravating factors in this case including prior attempts of rehabilitation I guess have failed because he had a prior criminal offense in carrying a handgun. I do agree with the prosecutor that the facts and circumstances alone push this well above the advisory sentence. Accordingly, I am going to sentence you to two years. However, six months will be executed based on the arguments I hear from [Defense Counsel]. The remaining year and a half, [Defense Counsel], I will go ahead and place him on active adult probation. When he is released on active adult probation, he will have 180 days of community control. That's the ankle bracelet[,] Mr. Owei. When you get out or after you are done completing your executed time you will wear an ankle bracelet as a condition of probation for 180 days. That will force you to get a place to live. They will give you time to get hooked

up. It will force you to get a place to live and to get a job as you've outlined to me.

(Tr. Vol. III at 100-1.)

[11] Owei argues the trial court abused its discretion when it did not recognize his "ability to maintain employment and minimal criminal history as mitigating circumstances." (Br. of Appellant at 23.) However, the trial court is not required to find his ability to maintain employment as a mitigator. *See Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003) ("Many people are gainfully employed such that this would not require the trial court to note it as a mitigating factor or afford it the same weight as Newsome proposes."), *trans. denied.* It is also not obliged to find as mitigating Owei's minimal criminal history. *See Robinson v. State*, 775 N.E.2d 316, 321 (Ind. Ct. App. 2002) (trial court is not required to find minimal criminal history as a mitigating factor). We hold the trial court did not abuse its discretion when it did not assign mitigating weight to Owei's ability to maintain employment and minimal criminal history. *See Harman*, 4 N.E.3d at 218 (trial court is not required to find the same mitigators as those offered by defendant).

[12] Owei asserts the trial court's assignment of aggravating weight to failed attempts at rehabilitation was an abuse of discretion and states, "[s]imply because Mr. Owei reoffended does not mean that all efforts at rehabilitation have failed." (Br. of Appellant at 24.) Should we determine this aggravator was improper, "remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same

sentence." *Anglemyer*, 868 N.E.2d at 491. However, the trial court also found aggravating the nature of the crime, and Owei does not dispute the use of that factor as an aggravator. Even disregarding Owei's failure at rehabilitation, the trial court considered the nature of the offense a significant aggregator. (See Tr. Vol. III at 100) ("the facts and circumstances alone push this well above the advisory sentence"). Accordingly, even if the trial court erroneously found the aggravator, we are confident the court would have sentenced Owei to two years for his Level 6 felony domestic battery.

## Sentencing - Inappropriate

[13] Under Ind. Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. *Anglemyer*, 868 N.E.2d at 491. We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. Owei, as the appellant, bears the burden of demonstrating his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006) (appellant bears burden of demonstrating sentence is inappropriate).

[14]     When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. A Level 6 felony has a sentencing range of six months to two and a half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b) (2016). The trial court sentenced Owei to two years, with eighteen months suspended to probation.

[15]     Owei argues the nature of his offense does not make him the "worst of the worst offenders," (Br. of Appellant at 25), and thus his two-year sentence is inappropriate. We first note Owei did not receive the maximum sentence for his crime, which is two and a half years. *See* Ind. Code § 35-50-2-7(b) (2016) (maximum sentence for Level 6 felony is two and a half years). Additionally, the State presented evidence he assaulted B.R. for thirty to forty-five minutes; that he whipped, hit, dropped, and choked her resulting in injuries such as two black eyes, bruises and cuts on her hands, and a lump on her head; and that the incident occurred in the presence of B.R.'s children, one of whom was Owei's child.

[16]     When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson*, 986 N.E.2d at 857. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. Owei's criminal history is unremarkable, with one prior felony conviction.

However, taken together, the nature of Owei's offense and his character do not lead us to the conclusion that his sentence is inappropriate. *See Kunberger v. State*, 46 N.E.3d 966, 974 (Ind. Ct. App. 2015) (sentence in excess of advisory not inappropriate based on injuries sustained by the victim despite defendant's minimal criminal record).

# Conclusion

The State presented sufficient evidence Owei committed Level 6 felony domestic battery. In addition, the trial court did not abuse its discretion when it sentenced him to two years with eighteen months suspended to probation. Finally, Owei's sentence is not inappropriate based on the nature of his offense and his character. Accordingly, we affirm.

Affirmed.

Baker, J. and Tavitas, J., concur.