## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 10 2019, 6:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cody W. Morris,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

April 10, 2019

Court of Appeals Case No.
18A-CR-2251

Appeal from the Vigo Superior
Court

The Honorable Sarah K. Mullican,
Judge

Trial Court Cause No.
84D03-1802-F3-527

**May, Judge.**

[1] Cody W. Morris appeals his five-year sentence for Level 5 felony intimidation[1] and Level 5 felony domestic battery.[2] Morris argues his sentence is inappropriate. We affirm.

## Facts and Procedural History

[2] Morris and his ex-wife, Kalayla, had two children together. Although they were divorced, they had resumed a romantic relationship. On February 15, 2018, during an argument, Morris threatened to hit Kalayla in the head with a hammer. Morris pushed Kalayla down on the couch to prevent her from leaving. Morris smashed Kalayla's cell phone with the hammer and cut the wires to the landline. When their children awoke, Morris told the oldest, a three-year-old, that Kalayla was going to send Morris to jail. Morris also caused the electricity to go out in the house. The three-year-old was frightened. Eventually, Kalayla and the children were able to escape. Kalayla reported the incident the next morning.

[3] On February 16, 2018, the State charged Morris with Level 3 felony criminal confinement,[3] Level 5 felony intimidation, Level 5 felony domestic battery, and two charges of Class A misdemeanor interference with reporting a crime.[4] On

---

[1] Ind. Code § 35-45-2-1 (2017).

[2] Ind. Code § 35-42-2-1.3 (2016).

[3] Ind. Code § 35-42-3-3 (2014).

[4] Ind. Code § 35-45-2-5 (2002).

July 9, 2018, one day before trial, Morris signed a plea agreement admitting guilt for Level 5 felony intimidation and Level 5 felony domestic battery. In return, the State dismissed the other charges. Sentencing was left to the discretion of the trial court except that Morris "shall not be sentenced to a term of imprisonment greater than 5 years[.]" (App. Vol. 2 at 47.)

[4] On August 20, 2018, the trial court sentenced Morris to five years at the Indiana Department of Correction on each count, to be served concurrently. The trial court ordered "four (4) years of the sentence shall be executed and . . . the balance of the sentence suspended." (Appealed Order at 1.)

# Discussion and Decision

[5] Under Ind. Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (2007). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. Morris, as the appellant, bears the burden of demonstrating his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[6] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. Morris was convicted of two Level 5 felonies. The sentencing range for a Level 5 felony is "a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6 (2014). The plea agreement restricted the executed portion of Morris' sentence to five years but otherwise left the sentencing to the discretion of the trial court. The trial court sentenced Morris to an aggregate of five years for his two convictions, with four years executed.

[7] Morris "acknowledges that he made a serious threat to harm his ex-wife and that he pushed her down on the couch to keep her from leaving the home." (Br. of Appellant at 8.) However, he contends the fact the offenses are "designated as Level 5 felonies[,]" (*id.*), accounts for that seriousness. We disagree. Morris terrorized his ex-wife and children over a period of time. He threatened Kalayla with a hammer. He smashed Kalayla's cell phone and cut the wires to the landline foreclosing Kalayla's ability to call for help. He turned the electricity off in the house. The couple's three-year-old child was awake and aware of these actions. As Kalayla was trying to soothe the child with a DVD, Morris kept unplugging the television. Morris told the three-year-old child that Kalayla, the child's mother, wanted to send him, the child's father, to jail. He told Kalayla and the child, "No one is leaving this house." (Tr. Vol. II at 24.) Kalayla testified at the sentencing hearing the child is afraid to be alone and "screams in the middle of the night[.]" (*Id.* at 26.) We cannot agree with

Morris that, based on the nature of the offense, his five-year sentence is inappropriate.

[8] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson*, 986 N.E.2d at 857. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Morris does not attempt to argue he does not have a criminal history. His criminal history consists "of Resisting Law Enforcement and Illegal Consumption of an Alcoholic Beverage, Operating a Vehicle While Intoxicated Endangering a Person, Domestic Battery and Interference with the Reporting of a Crime." (App. Vol. 2 at 85.) Notably, the prior convictions for domestic battery and interference with the reporting of a crime were perpetrated against the same victim. While Morris has accepted responsibility for his actions by pleading guilty and has always completed probation successfully, we still cannot say a five-year sentence is inappropriate based on Morris' character.

# Conclusion

[9] Morris has not demonstrated his sentence is inappropriate in light of the nature of his offense and his character. Accordingly, we affirm.

[10] Affirmed.

Baker, J., and Tavitas, J., concur.