## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2019, 11:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Randolph Bazile,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 31, 2019

Court of Appeals Case No. 19A-CR-493

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No. 02D05-1805-F6-595

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Randolph D. Bazile (Bazile), appeals his sentence following his conviction for possession of a synthetic drug or synthetic drug lookalike substance, a Level 6 felony, Ind. Code § 35-48-4-11.5; and public intoxication, a Class B misdemeanor, I.C. § 7.1-5-1-3.

We affirm.

# ISSUE

Bazile raises one issue on appeal, which we restate as: Whether his sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

In the early morning hours of May 18, 2018, Bazile and another man were sitting and smoking on a park bench in the downtown area of Fort Wayne, Indiana, when they were approached by officers from the Fort Wayne police department. Bazile and the other male were engulfed by a large cloud of smoke; the other man was holding a partially burnt cigar, containing a plant like material that appeared to be spice. Bazile could barely speak and began falling asleep when officers attempted to speak with him. He appeared "thick tongued" and slurred his speech. (Appellant's App. Vol. II, p. 12). Bazile was arrested. During a search incident to arrest for public intoxication, the officers located a plastic baggie containing synthetic marijuana or spice in Bazile's right

front pants pocket and four packages of synthetic marijuana or spice in his backpack.

[5] On May 24, 2018, the State filed an Information, charging Bazile with possession of synthetic drug or a synthetic drug lookalike substance, a Level 6 felony; and public intoxication, a Class B misdemeanor. On July 9, 2018, Bazile entered a plea of guilty to both charges. While the trial court took the guilty plea under advisement, Bazile signed a participation agreement for the Allen Superior Court Drug Court Program. Barely one month later, on August 10, 2018, Bazile violated the Drug Court's rules by absconding from placement and a warrant was issued for his arrest. He subsequently failed to appear for a compliance hearing on August 13, 2018 and another warrant was issued for his arrest. After being apprehended, Bazile was awarded another opportunity to participate in the Drug Court program.

[6] On December 26, 2018, a verified petition was filed to terminate Bazile's participation in the Drug Court Program because he had failed to successfully complete transitional living and maintain good behavior by being arrested under a new cause number. On December 31, 2018, the trial court revoked Bazile's participation in the Drug Court Program and scheduled a sentencing hearing. On January 31, 2019, Bazile was sentenced to two years executed in the Department of Correction for the possession of a synthetic drug or synthetic drug lookalike substance, and 180 days for public intoxication, with both sentences to run concurrently.

Bazile now appeals.  Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

Bazile contends that the trial court abused its discretion by imposing an aggregate two year executed sentence.  He maintains that "given the totality of the circumstances," "a sentence which required probation supervision and a smaller amount of executed time" would be "justified."  (Appellant's Br. p. 11)

Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate considering the nature of the offense and the character of the offender. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).  We consider not only the aggravators and mitigators found by the trial court but also any other factors appearing in the record.  *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013).  We defer to the trial court's decision, and our goal is to determine whether the sentence is inappropriate, not whether some other sentence would be more appropriate.  *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012).  We seek to leaven the outliers, not to achieve a perceived correct result.  *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  Thus, "deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)."  *Stephenson v. State*, 23 N.E.3d 111, 122 (Ind. 2015).  Ultimately, our review should focus

on the aggregate sentence; that is, we "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of Counts, and length of the sentence on any individual Count." *Cardwell*, 895 N.E.2d at 1225.

[10] Bazile pled guilty to a Level 6 felony and a Class B misdemeanor. Indiana Code section 35-50-2-7(b) provides that "[a] person who commits a Level 6 felony . . . shall be imprisoned for a fixed term of between six (6) months and two and one half (2 ½) years, with the advisory sentence being one (1) year." A Class B misdemeanor incurs imprisonment "for a fixed term of not more than one hundred eighty (180) days[.]" I.C. §35-50-3-3. Finding that the aggravators outweighed the mitigators, the trial court imposed an aggregate sentence of two years executed. Bazile contends that because he did not put anyone in danger, accepted responsibility by pleading guilty, and expressed remorse, his two-year sentence is inappropriate.

[11] Turning to the nature of the offense, we agree with Bazile that the offense is characterized by a lack of brutality and was harmless to others. However, despite Bazile's concession that the spice found in his back pack was his, Bazile was intoxicated in a public place, staring "blankly" and failing to respond to questions. (Appellant's App. Vol. II, p. 43).

[12] With respect to his character, we note that Bazile has a lengthy criminal history, comprising of fourteen misdemeanor convictions and one felony conviction

over a six-year period. Bazile's convictions include eight instances of public intoxication, two convictions for battery, one for possession of marijuana, one for possession of a controlled substance, and one for operating a vehicle while intoxicated. During this time-period, Bazile had multiple failed efforts at rehabilitation: he has been given short jail sentences, longer jail sentences, unsupervised visitation, and electronic monitoring through community corrections. Bazile has been given the benefit of the Alcohol Countermeasures Program, as well as the Drug Court Program. His sentences have been modified five times, and his probation has been revoked once. Bazile was serving a suspended sentence for a previous offense when he committed the instant charges. Moreover, while this case was pending and he was participating in the Drug Court Program, Bazile accumulated a new felony. Clearly, the benefit of lesser sentencing in exchange for good behavior has not imparted on Bazile the desire to change or rehabilitate himself. Accordingly, in light of the facts before us, we cannot conclude that Bazile's sentence is inappropriate in light of the nature of the offense and his character.

# CONCLUSION

Based on the foregoing, we hold that Bazile's sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

Vaidik, C. J. and Bradford, J. concur